## FRED WAHLS

### v.

## JOHN BRANDT.

*Opinion filed October 24, 1898.*

COSTS—*chancellor's apportionment of costs not disturbed in absence of abuse of discretion.* The apportionment of costs in a chancery proceeding is a matter within the discretion of the chancellor, and the Supreme Court will not interfere, in the absence of a clear showing of unfairness and injustice.

APPEAL from the Circuit Court of Kankakee county; the Hon. JOHN SMALL, Judge, presiding.

O. G. BARTLETT, and T. F. DONOVAN, for appellant.

W. H. SAVARY, and HARRISON LORING, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a proceeding in chancery, whereby appellee, John Brandt, sought to compel appellant, Fred Wahls, to take up and remove a tile-drain on the latter's farm, and to enjoin him from thereafter tiling, ditching or cutting through a natural ridge or divide on his farm, thereby diverting waters from a pond on his land from their natural course, which is toward the north, and causing them to overflow the land of appellee, which lies immediately south. Appellee also asks that damages be awarded to him for the injury to his crops by reason of such overflow.

The answer of appellant sets up two principal defenses. The first of these is, that the natural course of drainage from the pond in question is not to the north, as alleged in appellee's bill, but, on the contrary, is to the west and south. On this point the evidence adduced at the hearing is quite voluminous and relates mainly to the topography of the land of the appellant, and is in some respects contradictory and uncertain. We have given all the evidence a careful consideration, and we think the

finding of the circuit court that the natural course of drainage from the pond referred to is toward the north, as alleged in the bill, is fully sustained by the evidence.

As a second defense to appellee's bill appellant asserts that by long user, in himself and former owners of his land, of an open ditch, which, as the evidence discloses, was cut through the ridge or divide on the west side of the pond by the owner of the land about the year 1861 or 1862, he has acquired an easement by prescription, and so has the right to put in and maintain a tile-drain through the ridge, regardless of the natural course of drainage and regardless of the effect such a drain may have upon the land of appellee. Without entering into a discussion of the details of the evidence, we think a careful study of the facts, as shown by the evidence, does not show that appellant and those under whom he claims title have enjoyed for a period of more than twenty years prior to May, 1896, when this cause of action accrued, such an open, adverse and uninterrupted use of the ditch referred to, under claim of right, as to raise a technical easement. We are of the opinion that the circuit court committed no error in its decree of injunction against the appellant, as therein stated.

While it appears from the evidence that appellee has sustained some damage by reason of the overflow of his land having destroyed his crops, yet we are compelled to agree with the circuit court that the evidence is so uncertain as to the extent of such damage that we cannot fix the amount he should be compensated therefor.

The apportionment of the costs in a proceeding in chancery, as we have frequently stated, is a matter within the discretion of the trial court, and in the absence of a clear showing of unfairness or injustice will not be disturbed.

The decree of the circuit court will be affirmed.

*Decree affirmed.*