OTTO F. MARES *et al.*, Plaintiffs-Appellees, v. DuQUOIN EAST LAKE ASSOCIATION, INC., Defendant-Appellant.

Fifth District   No. 5—88—0625

Opinion filed October 18, 1989.

Jerry B. Smith, of DuQuoin, for appellant.

Gayl S. Pyatt, of Pinckneyville, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

In the beginning, there was one owner of one tract of land and there was a lake and a pond upon the land.

Part of the land was low and marshy and so the owner put a drain pipe in the earth between the lake and pond. Time passed, and the pipe became clogged with roots and silt, and the drain slowed to a trickle.

Then the land was divided into two tracts: one tract lay north of the lake and included the lake; the other tract lay south of the lake and included the pond. Both tracts were sold.

Plaintiffs became the owners of the west portion of the pond and the land that lay south of the lake.

Defendant became the owner of the lake.

Others became owners of the land that lay north of the lake.

The lake was named East Lake and its southern water mark was the plaintiffs' north property line.

The drain pipe lay in the earth on plaintiffs' land, except where it protruded into East Lake. And the land looked like this:

Plaintiffs cut a ditch parallel to the trickling pipe. East Lake fell one to two feet.

Defendant's members and agents went on plaintiffs' land and filled the ditch.

Plaintiffs sued defendant for trespass.

Defendant counterclaimed: (1) for damages caused to it by subsidence of water in the lake; and (2) for injunctive relief—defendant wanted plaintiffs enjoined from maintaining the ditch, from doing any act which would lower the water level of East Lake and wanted plaintiffs ordered to restore East Lake's bank to its original condition.

After a bench trial, the circuit court found that the drain pipe was a drain for mutual benefit as provided in section 2—8 of the Illinois Drainage Code (Ill. Rev. Stat. 1987, ch. 42, par. 2—8). In consequence of that finding, the court allowed plaintiffs to repair and replace the drain pipe and enjoined defendant from interfering with the pipe or plaintiffs' repair, maintenance and replacement of the pipe. (Ill. Rev. Stat. 1987, ch. 42, pars. 2—11, 2—12.) The circuit court also enjoined plaintiffs from maintaining the ditch they had cut in the bank of East Lake (Ill. Rev. Stat. 1987, ch. 42, par. 2—8) and denied defendant's claim for damages.

■ We reverse the finding that the pipe was a drain for the mutual benefit, because it is against the manifest weight of the evidence.

Section 2—8 of the Illinois Drainage Code (Ill. Rev. Stat. 1987, ch. 42, par. 2—8) provides that "[w]hen a *** drain *** is privately constructed *** on a tract of land and the ownership of such tract is thereafter divided, such *** drain *** shall thereupon be deemed a drain *** for the mutual benefit of all the portions of the original tract connected to, or protected by, such ditch."

■ It is long-standing law that when an owner of a single tract of land establishes a drain and thereafter divides the tract, the ownership of the tracts passing to separate owners, the drain running through the land of each, then each of the owners has an easement in the land of the other to have the drain maintained. *Lanter v. Hartman* (1900), 95 Ill. App. 80, 87.

Since one cannot have an easement in one's own land, application of the *Lanter* principle to this case depends upon an easement coming into existence at the time the land was divided. (See also Ill. Rev. Stat. 1987, ch. 42, par. 2—8.) In order for an easement to have come into existence at the time the original owner divided the land, there had to be, at the time of division, a drain upon the land. There-

fore, the controlling issue of fact in this case is whether there was a drain upon this land at the time the land was divided.

■ Contrary to the finding of the circuit court, the evidence failed to establish that there was a drain upon the land at the time the land was divided. It is critical to distinguish a drain from a drain pipe. Merely because a drain pipe is in the ground does not mean it drains; it can be clogged. The determinative fact is not the existence of a drain pipe; rather, the determinative fact is the existence of a drain that worked at the time the land was divided. The witnesses testified that at the time the land was divided there was "some water," "only a trickle," that flowed through the drain. The circuit court found that this testimony established drainage. We have reviewed the record and disagree with this factual conclusion. The land was divided in March of 1987. Only two witnesses testified to the rate of drainage at that time, and both testified that the drain pipe had been clogged for 20 years with only "seepage" or a "trickle" escaping. Neither "seepage" nor "trickle" is drainage. "Seepage" and "trickle" are rates of flow that are de minimus. The statute contemplates more. It contemplates a drain that works and is of benefit. To use the words of the Illinois Drainage Code, a choked pipe is not a "water course *** by which waters coming or falling upon lands are carried away." (Ill. Rev. Stat. 1987, ch. 42, par. 1—2(d).) A choked pipe that only seeps and trickles does not work. The rate at which it carries away water is like the rate at which glaciers move upon the earth—too slowly to be noticed, except over long periods of time. This choked pipe was no drain.

Since the finding that there was a working drain on the land at the time it was divided is against the manifest weight of the evidence and is reversed, there is no factual basis for finding that there was an easement created at the time of division under the *Lanter* doctrine. Accordingly, that part of the circuit court order giving plaintiffs the right to replace and repair the pipe is reversed.

■ We affirm the circuit court's refusal to award defendant damages, because they were not proven. See *Wahls v. Brandt* (1898), 175 Ill. 354, 51 N.E. 707.

We affirm the enjoinment of plaintiffs from maintaining the ditch. Inasmuch as the drain pipe was so clogged it could not be cleaned, the ditch was dug as a substitute. Therefore, the ditch did not arise by "mutual license, consent or agreement" between adjoining landowners (see Ill. Rev. Stat. 1987, ch. 42, par. 2—8), and plaintiffs had no more right to ditch the lake bank than they would have had to clean the pipe. Both rights would depend on an easement be-

ing created at the time the land was divided and the facts of this case do not establish an easement. To permit either right, necessarily, would enlarge plaintiffs' property by adding an easement for a drain that did not exist at the time they bought the land.

Affirmed in part; reversed in part.

WELCH, P.J., and CHAPMAN, J., concur.